IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| **ARTHREX, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | **Civil Action No. 2:15-CV-01756** |
| | § | |
| v. | § | |
| | § | |
| **SMITH & NEPHEW, INC., AND** | § | **JURY TRIAL DEMANDED** |
| **ARTHROCARE CORP.** | § | |
| | § | |
| *Defendants.* | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, Arthrex, Inc. (hereinafter "Arthrex"), complains against Defendants, Smith & Nephew, Inc. (hereinafter "Smith & Nephew"), and ArthroCare, Corp. (hereinafter "ArthroCare") (together "Defendants") and alleges as follows:

## PARTIES

1.      Arthrex is a Delaware corporation having its principal place of business at 1370 Creekside Boulevard, Naples, Florida 34108.

2.      Smith & Nephew is a Delaware corporation with its principal place of business at 1450 E. Brooks Road, Memphis, Tennessee 38116.

3.      ArthroCare is a Delaware corporation with is principal place of business at 7000 W. William Cannon Drive, Building 1, Austin, Texas 78735.

4.      On or about May 29, 2014, Smith & Nephew acquired ArthroCare. [Exhibit 1].

5.     Smith & Nephew acquired ArthroCare through a merger of Rosebud Acquisition Corporation, a Delaware corporation and wholly owned subsidiary of Smith & Nephew, with ArthroCare surviving the merger as a wholly-owned subsidiary of Smith and Nephew.

6.     As intended by the merger of Smith & Nephew and ArthroCare, Defendants have combined their portfolios of products and have shared their resources for marketing and customer acquisition.  Smith & Nephew and ArthroCare have publicly indicated that they are integrating with one another.

7.     Indeed, Smith & Nephew is now making, selling, and/or offering for sale numerous products that are and/or were identical to ArthroCare products as Smith & Nephew products including, but not limited to, Smith & Nephew's SpeedScrew Knotless Implants, SpeedLock Knotless Implants, SpeedLock Hip Knotless Implants, LabraLock P Knotless Implants, and MultiFix Knotless Implants. ArthroCare continues to sell these products under its name as well.  These and other products are the subject of this lawsuit.

## JURISDICTION AND VENUE

8.     This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question) and § 1338 (patents).

9.     Smith & Nephew is subject to personal jurisdiction in this Court.  In particular, this Court has personal jurisdiction over Smith & Nephew because it has engaged in such continuous, systematic, and substantial activities within this State, including substantial marketing and sales of products in this State and in this judicial district.  Furthermore, upon information and belief, this Court has personal jurisdiction over Smith & Nephew in this case because Smith & Nephew has committed acts giving rise to Arthrex's claim for patent infringement within and directed to this judicial district.   This Court also has personal

jurisdiction over Smith & Nephew as a result of Smith & Nephew availing itself of this Court to bring suit against Arthrex for patent infringement in the past. [See *Smith & Nephew Inc. v. Arthrex, Inc.*, Eastern District of Texas, Filed on Aug. 7, 2007, Case No. 2:07-cv-00335, initially assigned to the Honorable T. John Ward]. Finally, this Court has personal jurisdiction over Smith & Nephew because Smith & Nephew did not contest personal jurisdiction in another suit for patent infringement brought by Arthrex against Defendants in this jurisdiction. [See *Arthrex, Inc. v. Smith & Nephew, Inc. and ArthroCare, Corp.*, Filed on June 17, 2015, Case No. 2:15-CV-1047-RSP].

10.     ArthroCare is subject to personal jurisdiction in this Court.  In particular, this Court has personal jurisdiction over ArthroCare because it has engaged in such continuous, systematic and substantial activities within this State, including substantial marketing and sales of products in this State and this judicial district, and has established its headquarters in this State. Furthermore, upon information and belief, this Court has personal jurisdiction over ArthroCare in this case because ArthroCare has committed acts giving rise to Arthrex's claim for patent infringement within and directed to this judicial district.  Finally, this Court has personal jurisdiction over ArthroCare because ArthroCare did not contest personal jurisdiction in another suit for patent infringement brought by Arthrex against Defendants in this jurisdiction and, in fact, brought its own counterclaim of patent infringement against Arthrex. [See *Arthrex, Inc. v. Smith & Nephew, Inc. and ArthroCare, Corp.*, Filed on June 17, 2015, Case No. 2:15-CV-1047-RSP].

11.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b).

## BACKGROUND

12.     Arthrex is an innovative company that designs, manufactures, and sells inventive medical devices used to treat patients suffering from a variety of injuries. Among other things, Arthrex designs, manufactures, and sells medical devices in the field of orthopedic medicine including, but not limited to, suture anchors for use in various surgical procedures.

13.     Arthrex is uniquely focused on improving the treatment of patients by investing in research and development, and by advancing medicine through surgeon training and education. To that end, Arthrex also offers a comprehensive program of educational and support services to orthopedic surgeons.

14.     Arthrex protects its intellectual property in a variety of ways, including by obtaining patents on its inventive technology. Arthrex has over 200 patents, including patents directed to, for example, suture anchors and other medical devices. Arthrex products covered by its patents are marked with a corresponding patent number.

15.     Smith & Nephew is a competitor of Arthrex and is also in the business of manufacturing and selling medical devices including, but not limited to, suture anchors.

16.     Upon information and belief, Smith & Nephew monitors patent literature, including issued patents and published patent applications related to medical devices including, but not limited to, suture anchors.

17.     ArthroCare is also a competitor of Arthrex and is also in the business of manufacturing and selling medical devices including, but not limited to, suture anchors.

18.     Upon information and belief, ArthroCare monitors patent literature including issued patents and published patent applications related to medical devices including, but not limited to, suture anchors.

**ARTHREX'S PATENT**

19.     Surgeons in the field of orthopedic medicine frequently treat injured patients by reattaching or replacing their torn body tissue, such as rotator cuffs.   Arthrex has obtained a patent relating to assemblies used in these surgical procedures:

**U.S. Patent No. 9,179,907**

20.     On November 10, 2015, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 9,179,907  ("the '907 patent"), entitled "Knotless Graft Fixation Assembly."  A true and correct copy of the '907 patent is attached hereto as Exhibit 2.

21.     The '907 patent names Stephen S. Burkhart, Peter J. Dreyfuss, and Neal S. ElAttrache as inventors.

22.     Arthrex is the owner by assignment of all rights, title and interest in the '907 patent.

23.     The '907 patent generally relates to, *inter alia*, a novel suture securing assembly.

**COUNT I**
**(DIRECT INFRINGEMENT OF U.S. PATENT 9,179,907 BY SMITH & NEPHEW)**

24.     Arthrex incorporates by reference all of the preceding paragraphs as though fully set forth herein.

25.     The '907 patent remains valid, enforceable, and unexpired.

26.     Smith & Nephew is directly infringing and has directly infringed the '907 patent in violation 35 U.S.C. § 271(a), including, without limitation, by making, using, selling, offering for sale, and/or importing, without license or authority, a suture securing assembly covered by at least one claim of the '907 patent, including, but not limited to, Smith & Nephew's BioRaptor Knotless Suture Anchor assemblies, Footprint PK Suture Anchor assemblies, Footprint Ultra

Suture Anchor assemblies, LabraLock P Knotless Implant assemblies, MultiFix Knotless Implant assemblies, SpeedScrew Knotless Implant assemblies, SpeedLock Knotless Implant assemblies, and/or SpeedLock Hip Knotless Implant assemblies.

27.     Smith & Nephew's infringement of the '907 patent is and has been willful and deliberate.

28.     Upon information and belief, Smith & Nephew has knowledge of the '907 patent and that its actions infringed the '907 patent for at least the reason that Smith & Nephew has knowledge of patents related to the suture anchor industry in general and would be aware of the '907 patent.

29.     At the very least, based on Smith & Nephew's knowledge of Arthrex's patent portfolio in general, and its knowledge that Arthrex is a direct competitor in the relatively small suture anchor market, Smith & Nephew believed that there was a high probability that its acts, if taken, would result in direct infringement.

30.     Smith & Nephew knew of the '907 patent, acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, knew or should have known of this likelihood, and ignored and/or disregarded that its actions constituted infringement of this valid and enforceable patent.

31.     Arthrex and Smith & Nephew are competitors.  Arthrex has suffered substantial damages and will suffer severe and irreparable harm as a result of Smith & Nephew's infringement, unless that infringement is enjoined by this Court.  The threatened injury to Arthrex outweighs any harm that an injunction may cause to Smith & Nephew.  Injunctive relief would not disserve the public interest under these circumstances.

## COUNT II
## (DIRECT INFRINGEMENT OF U.S. PATENT 9,179,907 BY ARTHROCARE)

32. Arthrex incorporates by reference all of the preceding paragraphs as though fully set forth herein.

33. The '907 patent remains valid, enforceable, and unexpired.

34. ArthroCare is directly infringing and has directly infringed the '907 patent in violation 35 U.S.C. § 271(a), including, without limitation, by making, using, selling, offering for sale, and/or importing, without license or authority, a suture securing assembly covered by at least one claim of the '907 patent, including, but not limited to, ArthroCare's LabraLock P Knotless Implant assemblies, MultiFix Knotless Implant assemblies, SpeedScrew Knotless Implant assemblies, SpeedLock Knotless Implant assemblies, and/or SpeedLock Hip Knotless Implant assemblies.

35. ArthroCare's infringement of the '907 patent is and has been willful and deliberate.

36. Upon information and belief, ArthroCare has knowledge of the '907 patent and that its actions infringed the '907 patent for at least the reason that ArthroCare has knowledge of patents related to the suture anchor industry in general and would be aware of the '907 patent.

37. At the very least, based on ArthroCare's knowledge of Arthrex's patent portfolio in general, and its knowledge that Arthrex is a direct competitor in the relatively small suture anchor market, ArthroCare believed that there was a high probability that its acts, if taken, would result in direct infringement.

38.     ArthroCare knew of the '907 patent, acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, knew or should have known of this likelihood, and ignored and/or disregarded that its actions constituted infringement of a valid and enforceable patent.

39.     Arthrex and ArthroCare are competitors. Arthrex has suffered substantial damages and will suffer severe and irreparable harm as a result of ArthroCare's infringement, unless that infringement is enjoined by this Court. The threatened injury to Arthrex outweighs any harm that the injunction may cause to ArthroCare. Injunctive relief would not disserve the public interest under these circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Arthrex requests judgment in its favor against Smith & Nephew and ArthroCare for the following relief:

A.     A judgment in favor of Plaintiff that Smith & Nephew has directly infringed the '907 patent;

B.     A preliminary and permanent injunction enjoining Smith & Nephew, its officers, directors, agents, servants, employees and those persons in active concert or participation with Smith & Nephew, from infringing the '907 patent in violation of 35 U.S.C. § 271;

C.     An award of damages adequate to compensate Plaintiff for Smith & Nephew's infringement, including lost profits and a reasonable royalty;

D.     An order adjudging Smith & Nephew to have deliberately and willfully infringed the '907 patent and trebling, or otherwise increasing, Plaintiff's damages under 35 U.S.C. § 284;

E.     A judgment in favor of Plaintiff that ArthroCare has directly infringed the '907 patent;

F.      A preliminary and permanent injunction enjoining ArthroCare, its officers, directors, agents, servants, employees and those persons in active concert or participation with ArthroCare, from infringing the '907 patent in violation of 35 U.S.C. § 271;

G.      An order adjudging ArthroCare to have deliberately and willfully infringed the '907 patent and trebling, or otherwise increasing, Plaintiff's damages under 35 U.S.C. § 284;

H.      An award of damages adequate to compensate Plaintiff for ArthroCare's infringement, including lost profits and a reasonable royalty;

I.      A judgment in favor of Plaintiff that this is an exceptional case;

J.      An award to Plaintiff of its attorney fees and its costs and expenses incurred in connection with this action pursuant to 35 U.S.C. § 285;

K.      An award of prejudgment and post-judgment interest and costs of this action; and

L.      Such other and further relief that this Court deems just and proper.

## JURY DEMAND

Arthrex demands a trial by jury on all issues so triable.

Respectfully submitted,

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Michael A. Benefield
Texas State Bar No. 24073408
mab@emafirm.com
Shawn A. Latchford
Texas State Bar No. 24066603
sal@emafirm.com
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

Anthony K. Bruster, Of Counsel
Texas State Bar No. 24036280
akb@emafirm.com
Andrew J. Wright, Of Counsel
Texas State Bar No. 24063927
ajw@emafirm.com
**ALBRITTON LAW FIRM**
1330 North White Chapel Blvd. Suite 100
Southlake, Texas 76092
Telephone:  (817) 251-0610
Facsimile:  (903) 758-7397

Rodger D. Young
State Bar No. P22652
young@youngpc.com
Jaye Quadrozzi
State Bar No. P71646
quadrozzi@youngpc.com
Young & Associates
27725 Stansbury Boulevard Suite 125
Farmington Hills, MI 48334
Telephone: (248) 353-8620
Facsimile: (248) 479-7828

Anthony P. Cho
State Bar No. P46910
acho@cgolaw.com
David L. Atallah
State Bar No. P73403
datallah@cgolaw.com
Carlson, Gaskey & Olds, PC
400 West Maple, Suite 350
Birmingham, MI 48009
Telephone: (248) 988-8360
Facsimile: (248) 988-8363

*Counsel for Plaintiff*

.